UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

FEDIE R. REDD,

                        Plaintiff,

    -against-

ROY S. MAHON,

                        Defendant.

----------------------------------------------------------X

**FILED**
**CLERK**

3/21/2016 1:22 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**<u>ORDER</u>**

15-CV-3792 (SJF) (AYS)

FEUERSTEIN, J.

     On June 29, 2015, plaintiff, Fedie R. Redd ("Redd" or "Plaintiff"), commenced this action against defendant, New York State Supreme Court Justice Roy S. Mahon ("Justice Mahon" or "Defendant"), alleging that he violated her constitutional rights by dismissing her state court action. Justice Mahon moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(1) and (6). For the reasons stated below, Defendant's motion to dismiss is granted, and Plaintiff's claims are dismissed in their entirety with prejudice.

# I.    BACKGROUND

###     A.    *State Action*

     In January 2010, Redd filed a supporting deposition with The Village of Freeport police department ("Freeport Police Department"), claiming that her neighbor was stalking her. Redd also filed an Unusual Incident Report with her employer, the New York State Division of Parole (the "Parole Division"), raising identical stalking allegations against her neighbor. A Freeport Police Department investigation subsequently showed that Redd's neighbor was not present in Redd's vicinity at the time of the alleged stalking incident. On February 5, 2010, the Freeport

Police Department arrested Redd and charged her with making a false written instrument, a Class A misdemeanor in violation of New York State Penal Law § 210.45. The Parole Division suspended Redd without pay and terminated her employment based upon the criminal charge against her for making a false written instrument. The criminal case was adjourned in contemplation of dismissal.

Redd challenged her suspension and termination in an arbitration proceeding, but the arbitrator determined that Redd had been properly suspended and terminated for just cause. The New York State Supreme Court, New York County, denied Redd's petition to vacate the arbitration decision, and the Appellate Division, First Department affirmed that decision. *See* DE 12, App., at 1.

Redd's application for unemployment insurance benefits was also denied as the Unemployment Insurance Appeal Board determined that she had been terminated from her job for misconduct. *See id.* at 2. The Appellate Division, Third Department affirmed the Unemployment Insurance Appeal Board's decision. *Id.* at 3.

On August 11, 2011, Redd filed an action against The Village of Freeport, alleging false arrest; false imprisonment; a violation of 42 U.S.C. § 1988; intentional infliction of emotional distress; defamation; fraud; malicious prosecution; abuse of power; and *prima facie* tort, all arising out of her criminal charge for making a false written instrument (the "State Action"). *Redd v. Vill. of Freeport*, Index No. 6559/2011 (N.Y. Sup. Ct. Nassau Cnty. Aug. 11, 2011) (Mahon, J.). On April 17, 2015, The Village of Freeport moved to dismiss the State Action on the ground of collateral estoppel, pursuant to N.Y. C.P.L.R. § 3211(a)(5), based upon: (i) the arbitrator's decision; (ii) the New York State Supreme Court's order affirming the arbitrator's decision; (iii) the Appellate Division, First Department's order affirming the New York State

Supreme Court's judgment; and (iv) the Appellate Division, Third Department's order affirming the decision of (v) the Unemployment Insurance Appeal Board.

On June 23, 2015, Justice Mahon of the New York State Supreme Court, Nassau County, determined that Redd's February 2010 arrest "was proper[, and] [a]s such, the plaintiff's respective causes of action alleged to arise therefrom are barred by the doctrine of collateral estoppel," and dismissed the State Action (the "June 23, 2015 Order"). DE 12, App., at 13-14.

### B. Federal Action

On June 29, 2015, Redd, *pro se*, commenced this action against Justice Mahon, alleging violations of her constitutional rights pursuant to the First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments to the United States Constitution and seeking injunctive and declaratory relief. DE 1, Compl. Redd also seeks: 1) to vacate the state court judgment entered upon the June 23, 2015 Order dismissing her State Action; 2) to "prevent[]" the June 23, 2015 Order "from taking effect until [she] has a jury trial on all issues in this federal complaint;" 3) to "stay[] or reverse[]" the June 23, 2015 Order "in the interest of justice;" and 4) to impeach Justice Mahon. DE 1, Compl., at 8. On August 25, 2015, Defendant moved to dismiss the action.

## II. DISCUSSION

### A. Standard of Review

"In determining whether the federal courts have subject matter jurisdiction over a cause of action, a district court must look to the way the complaint is drawn to see if it claims a right to recover under the laws of the United States." *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1055 (2d Cir. 1993) (quoting *Goldman v. Gallant Securities, Inc.,* 878 F.2d 71, 73 (2d Cir. 1989)). The district court may look beyond the allegations of the complaint and "examine

evidence outside of the pleadings," but it must accept as true all material factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Bryant v. Steele*, 25 F. Supp. 3d 233, 241 (E.D.N.Y. 2014); *see Morrison v. Nat'l Australia Bank Ltd.,* 547 F.3d 167, 170 (2d Cir. 2008). However, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison*, 547 F.3d at 170. The plaintiff bears the burden of establishing by a preponderance of the evidence that subject matter jurisdiction exists. *Bryant*, 25 F. Supp. 3d at 241. The district court "may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it." *Shabaj v. Holder*, 718 F.3d 48, 50 (2d Cir. 2013).

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1937, 1955, 167 L. Ed. 2d 929 (2007)). "[A] court must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Id.* The court's review is limited to the factual allegations contained in the complaint, documents attached to the complaint as exhibits or incorporated by reference, matters of which judicial notice may be taken, and documents within the plaintiff's possession or of which the plaintiff had knowledge and relief on in bringing suit. *Pompey v. Imagistics Pitney Bowes Office Sys.*, No. 04-cv-3923, 2005 WL 1320153, at *1 (E.D.N.Y. May 26, 2005) (citing *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

**B.      *Defendant's Motion to Dismiss is Granted***

Redd contends that Justice Mahon erred by dismissing her State Action based upon the doctrine of collateral estoppel.  *See* DE 1, Compl., at ¶ 8; DE 12, App., at 13-14.  Defendant argues that Redd's action against him for conduct performed in his official capacity as a judge in the underlying State Action must be dismissed with prejudice.  DE 12, Br. in Supp. of Mot. Dismiss, at 1, 16.  Plaintiff does not address any of Defendant's arguments in her opposition. *See* DE 13, Pl.'s Opp'n to Mot. Dismiss.

The Court lacks subject matter jurisdiction over Redd's action pursuant to Rule 12(b)(1). *See* Fed. R. Civ. P. 12(b)(1).  Pursuant to the *Rooker-Feldman* doctrine, federal courts lack authority to review state court judgments.  *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also* 28 U.S.C. § 1257 (vesting appellate subject matter jurisdiction over state courts judgments in the United States Supreme Court).  "A challenge under the *Rooker-Feldman* doctrine is for lack of subject matter jurisdiction."  *Remy v. N.Y. State Dep't of Taxation & Finance*, 507 F. App'x 16, 18 (2d Cir. 2013).  "*Rooker-Feldman* directs federal courts to abstain from considering claims when four [4] requirements are met: (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced."  *Id.* As the *Rooker-Feldman* criteria are met here, the Court lacks subject matter jurisdiction to consider Redd's action.

Moreover, the Eleventh Amendment to the United States Constitution prohibits the Court from exercising subject matter jurisdiction over the action.  The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law

or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The amendment prohibits federal courts from exercising jurisdiction over actions commenced against a state. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). As a result, as Justice Mahon is being sued in his official capacity, he possesses absolute immunity from suit, and the Court lacks subject matter jurisdiction over Redd's action against him pursuant to the Eleventh Amendment.

Redd's complaint also fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6). All of her claims against Justice Mahon stem from his actions taken as a judicial officer in the New York State Supreme Court. *See, e.g.*, DE 1, Compl., at ¶¶ 4, 6-8. Justice Mahon possesses judicial immunity, or an absolute immunity from suits challenging conduct in which he engaged in his official capacity. Moreover, although Redd seeks injunctive relief against Justice Mahon, *see* DE 1, Compl., at 8, 42 U.S.C. § 1983 bars injunctive relief in "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity." 42 U.S.C. § 1983. Redd also seeks a declaratory judgment against Justice Mahon, *see* DE 1, Compl., at 8, but the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, provides that federal courts may enter declaratory judgments only where they possess subject matter jurisdiction. 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . ."). As the Court lacks subject matter jurisdiction over Redd's action, it cannot enter a declaratory judgment against Justice

Mahon. "Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." *Ashmore v. New York*, No. 12-cv-3032, 2012 WL 2377403, at *3 (E.D.N.Y. June 25, 2012), *aff'd*, *Ashmore v. Prus*, 510 F. App'x 47 (2d Cir. 2013). Finally, the Court lacks the authority to impeach Justice Mahon. *See* N.Y. Const. art. VI, §§ 22(a)(d); N.Y. Judiciary Law §§ 44(1) and (7); *Gregory v. Ricigliano*, No. 12-cv-4372, 2014 WL 119475, at *8 (E.D.N.Y. Jan. 10, 2014) ("The power to impeach or otherwise discipline state court judges rests not with this court, but rather the New York State Commission on Judicial Conduct . . . .").[1]

## III.    CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is granted, and Plaintiff's claims are dismissed in their entirety with prejudice. The Clerk of the Court is directed to close the case.

**SO ORDERED.**

/s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: March 21, 2016
        Central Islip, New York

---

[1] In light of the multiple legal grounds discussed above and upon which the Court dismisses Redd's action, Defendant's additional legal grounds upon which it moves to dismiss Redd's action are unnecessary and therefore are not addressed.